Goff-Kirby Coal Company *v.* Marine Coal Company, Appellant.

*Contract—Sale—Continuing contract—Custom—Course of dealing—Notice —Rescission.*

Where under a contract for the delivery of coal the deliveries and payments indicated no intention on the part of the seller to hold the purchaser to a literal compliance with the terms of the contract, the seller cannot rescind without fair notice of an intention to insist upon a literal compliance with the terms of the contract in the future.

Argued April 23, 1905.   Appeal, No. 133, April T., 1906, by defendant, from judgment of C. P. No. 3, Allegheny Co., Feb. T., 1904, No. 189, on verdict in case of Goff-Kirby Coal Company v. Marine Coal Company.   Before RICE, P. J., ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ.   Affirmed.

Assumpsit for breach of contract to deliver coal.   Before KENNEDY, P. J.

At the trial it appeared that the contract between the parties was as follows :

" MARINE COAL COMPANY.
" Room 307 Westinghouse Building,
" Pittsburg, Pa., Oct. 13th, 1902.

" THE GOFF-KIRBY COAL CO.,
          " Cleveland, Ohio.

" Gentlemen :

" We hereby agree to ship 50 cars of ¾ coal on your orders from our Marine Mines at $2.00 per net ton on cars.  Shipments to be made on your order at the rate of 2 or 3 cars per day based on the car supply.  In case of car shortage we agree to give you your proportionate supply.

" Very truly yours,
" MARINE COAL CO.

(Signed)                     " A. H. STOLZENBACH.
" Accepted by
          " THE GOFF-KIRBY COAL CO.
(Signed)          " I. C. GOFF, *Pres.*"

Other facts appear by the opinion of the Superior Court. Verdict and judgment for plaintiff for $1,223.35.

*Error assigned* was refusal of binding instructions for defendant.

*David A. Reed,* with him *Reed, Smith, Shaw & Beal,* for appellant.—Where one has the right to terminate a contract for any cause, such termination will not be unlawful because a wrong reason was assigned for it : Allentown Iron Co. v. McLaughlin, 1 Mona. 726 ; Beriac v. Berlitz, 26 W. N. C. 495.

And an estoppel arises only in favor of one who has been permitted or induced to expend something or to change his situation for the worse, as in Baranowski v. Mutual Aid Society, 3 Pa. Superior Ct. 367. To bind as an estoppel, acts or declarations must have been acted upon : Waters v. Wolf, 2 Pa. Superior Ct. 200.

*Lyon, McKee & Mitchell*, for appellee.—One party to a contract may not by a continued consistent course of dealing under the contract, lead the other party to believe that strict compliance with details of performance, especially as to payment, is waived and will not be required, and after a while without warning, when it is to his advantage so to do, insist that such violations, though waived and cured, are sufficient to relieve him from the " sacred obligations of this contract " : Portland Ice Co. v. Connor, 24 Pa. Superior Ct. 493 ; Price v. Beach, 20 Pa. Superior Ct. 291 ; Forsyth v. North American Oil Co., 53 Pa. 168 ; Hazleton Coal Co. v. Buck Mt. Coal Co., 57 Pa. 301 ; Cogley v. Browne, 11 W. N. C. 224.

OPINION BY HENDERSON, J., May 14, 1906 :

The course of dealing of the parties shows clearly that they did not interpret their contract of October 13, 1902, to impose on the plaintiff the obligation to send orders for coal daily and to make payment for coal delivered on the twentieth of each month in compliance with an alleged custom. The quantity contracted for was fifty cars. Between October 13, and the 1st of the following December, twenty-four cars were ordered at various times and shipped. On the latter date the defendant wrote to the plaintiff that all orders received had been shipped, that twenty-six cars were yet to be forwarded and requesting shipping instructions. At the same time the plaintiff was asked to remit $510.60 to apply on the account. The next day the defendant notified the plaintiff that C. Jutte & Co. had purchased the defendant's mines and the plaintiff was referred to that company " in reference to any orders or shipments." There is no suggestion in the evidence that the defendant was at any time dissatisfied with the plaintiff's performance of the contract, or considered that any of its terms had been violated by the letter. The only excuse given for not delivering the remainder

of the coal was that the defendant had sold its mines.   When the plaintiff applied to Jutte & Co. it was informed that the latter company did not purchase the orders on the books of the Marine Coal Co.; that they simply took over their plant and coal acreage.   There was no offer on the part of Jutte & Co. to complete the delivery of the coal for the defendant.   On the contrary, they refused to deliver any of it except five cars, and that on condition that that should close all the business of the plaintiff with the Marine Coal Co.

If it were conceded, however, that the plaintiff was bound to give orders daily for coal and to pay according to a custom of the trade the conduct of the parties exhibits a mode of performance of the contract not in accordance with its literal terms. If they understood the agreement to be as now contended for by the appellant they relaxed the strictness of its terms.   No intention was manifested to hold the plaintiff to literal performance.   Under such circumstances it is well established that a party cannot rescind without fair notice of an intention to insist upon a literal compliance in the future.   Having adopted a method of executing the agreement, apparently acceptable to the defendant, which put the plaintiff off his guard, it would be manifestly unjust to permit the defendant to rescind the contract without warning the plaintiff of the necessity for strict performance.   The acceptance by the defendant of the plaintiff's orders as they were delivered and a request for further orders upon the same contract might easily induce the plaintiff to believe that daily orders and payment on the twentieth of the month were not considered essential by the defendant.   A very short time elapsed between the date when the defendant alleges the first payment should have been made on account of coal delivered and the time when the plaintiff was notified that the defendant had gone out of business.   No other request for payment was made than that contained in the defendant's letter of December 1st, and there is no intimation there that the amount was overdue or that the plaintiff had been remiss in making payment.   Under such circumstances the defendant should not be permitted to declare a rescission of the contract. Forsyth v. North American Oil Co., 53 Pa. 168; Hazleton Coal Co. v. Buck Mt. Coal Co., 57 Pa. 301; Price v. Beach, 20 Pa. Superior Ct. 291; Portland Ice Co. v. Connor, 24 Pa.

Superior Ct. 493 are authorities supporting the views herein expressed.    The facts were not in dispute and it was the duty of the court to instruct the jury that after the indulgence allowed the defendant could not suddenly rescind without warning of its intention to require strict performance.    The action of the learned trial judge is well supported by the facts and the law applicable thereto.

The judgment is affirmed.