# Riddle Co. *v.* Taubel, Appellant.

*Contract—Performance—Extension of time—Notice—Waiver—Rescission—Sale—Delivery—Cotton.*

1. Where time for the performance of a contract is extended from time to time, with no intention manifested to hold to literal performance, a party, as a general rule, cannot rescind without a demand for strict compliance within a reasonable time.

2. What is a reasonable time in which to comply, where the facts are undisputed, is for the court, otherwise, or where the court is in doubt, the question is for the jury.

3. The rule as to notice of an intention to proceed under the contract, after extensions have been allowed, is applicable to the commercial transactions of sale of cotton, where the rights of the parties depend to some extent on letters and conversations.

4. In determining whether the time within which the notice to rescind was given was reasonable, the court must consider what was done within that time and what acts were to be performed by the party in default.

Argued January 29, 1923. Appeal, No. 168, Jan. T., 1923, by defendant, from judgment of C. P. No. 2, Phila. Co., March T., 1922, No. 8938, for plaintiff on pleadings, in case of Riddle Co. v. George L. Taubel, trading as Taubel Brothers. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART and SCHAFFER, JJ. Affirmed.

Assumpsit on contract.

Rule for judgment for want of sufficient affidavit of defense. Before ROGERS, J. See 2 D. & C. R. 247.

Rule absolute. Defendant appealed.

*Error assigned,* inter alia, was order, quoting record.

*Robt. J. Boltz,* with him *J. B. Colahan,* for appellant. —What is a reasonable time is for the jury: Forsyth v. Oil Co., 53 Pa. 168; Holt's App., 98 Pa. 257; Price

v. Beach, 20 Pa. Superior Ct. 291; Portland Ice Co. v. Connor, 24 Pa. Superior Ct. 493; Goff-Kirby Coal Co. v. Coal Co., 31 Pa. Superior Ct. 60.

*C. E. Outterson,* for appellee, was not heard.

OPINION BY MR. JUSTICE KEPHART, March 19, 1923:

Where time for the performance of a contract is extended from time to time, with no intention manifested to hold to literal performance, a party cannot rescind without a demand for strict compliance within a reasonable time: Forsyth v. North American Oil Co., 53 Pa. 168, 173; Price v. Beach, 20 Pa. Superior Ct. 291, 295; Portland Ice Co. v. Connor, 24 Pa. Superior Ct. 493, 497; Goff-Kirby Coal Co. v. Marine Coal Co., 31 Pa. Superior Ct. 60, 63. What is a reasonable time in which to comply, where the facts are undisputed, is for the court; otherwise, or where the court is in doubt, the question is for the jury: Zeller v. Haupt, 41 Pa. Superior Ct. 647, 651; Leaming v. Wise, 73 Pa. 173, 176; Markley v. Godfrey, 254 Pa. 99, 106; Swan v. Watertown Fire Insurance Co., 96 Pa. 37, 43, 44; Patterson v. Graham, 164 Pa. 234, 242; Elk Textile Co. v. Cohen, 75 Pa. Superior Ct. 478, 482.

But it is not in all contracts, where time is of its essence, that a waiver of strict compliance with its terms may be predicated on mere acts of past delays. Purchasers thereunder have no right to rest on past indulgences of one or a number of occasions as a ground for claiming it on all occasions (Shilanski v. Farrell, 57 Pa. Superior Ct. 137, 143), as in an agreement for sale of land providing for periodical payments, unenforced as they fall due. In such cases, notice of an intention to proceed under the contract is not necessary. As the subject-matter of this litigation was a commercial transaction, the rights of the parties depending to some extent on letters and conversation, it would seem to fall within the first class mentioned; at least for the purpose of this

case we may assume it to be, and the only question for our determination is, Was the notice of intention to rescind, unless strict compliance be made, given within a reasonable time? In determining this the court must consider what was to be done within that time and what acts were to be performed by the party in default, for it is only from such acts we may learn whether the length of time was reasonable.

Plaintiff sold defendant, on written order, 5,392 pounds of yarn, to be delivered "at the rate of about two cases weekly; shipping instructions, your mill." The contract was made February 21, 1921. Defendant gave two orders for deliveries, but thereafter failed to designate delivery dates. On February 10, 1922, a year after the contract was made, plaintiff notified defendant to advise immediately what disposition was to be made of the yarn. No reply to that letter was received, and, March 22d, plaintiff's counsel wrote he had advised his client to sell the yarn and charge defendant's account with the difference between contract price and sale price.

The whole difficulty arose from a falling market in the price of yarn. What defendant was required to do under the letter of February 10th, was to name some date and place on and to which deliveries might be made. This did not require much effort. Defendant was obligated on its contract to take so much yarn, which plaintiff was obliged to deliver as called for during the period of the contract. It could not avoid the liability incurred. After plaintiff's acquiescence for a time in a failure to literally comply with the agreement, it reached the point when such compliance must be insisted on; but it would have been unjust to have instantly rescinded without warning. The defendant was informed of the necessity of strict compliance by the letter of February 10th; no attention was paid to this letter, and it was only after the contract had been rescinded by letter of March 22d defendant endeavored to do something. Under the circumstances of the case, considering the relation of the parties and

the matter to be performed under the notice, we consider the time very reasonable. But if this were not so, after March 22d, defendant's counsel tried to secure an alternate proposition as to the time of performance, but though plaintiff was willing to modify its terms, none of the proposals were accepted; finally, on April 13th, plaintiff gave its final alternative proposition, which was to be accepted definitely on or before April 19th. This was not done, and the effort concluded nothing (Rasche v. Campbell, 276 Pa. 268), and, being clearly within the rights of the letter of March 22d, what was done by defendant afterwards is immaterial. Defendant became liable for the difference between the contract price and the market price on the date of the sale, which was made with reasonable promptness after the notice of rescission.

Some other questions are presented, but they are not material in view of our conclusion above expressed. The court below was not in error in directing a judgment for the plaintiff on the pleadings.

Judgment affirmed.