# Parish Manufacturing Corporation, Appellant, *v.* Martin-Parry Corporation.

*Contracts—Sales—Future deliveries—Delay in delivery—Change of specifications—Time as essence of contract—Waiver of time—Notice—Rescission, when justified—Cancellation.*

1. Where time is of the essence of a contract of sale, a failure of the seller to furnish the goods purchased within the period stipulated, is a bar to recovery, unless there has been an express waiver of this obligation, or it is to be implied from the conduct of the parties.

2. Where in such case the parties have treated the agreement as in force after the date specified for delivery, it becomes indefinite as to time, and neither can terminate it without notice to the other to promptly comply.

3. If the party not in default indicates that strict compliance will thereafter be insisted on, then a reasonable time to complete the contract must elapse before a rescission is justified.

4. There can be no effective cancellation until proper opportunity is given the seller to perform, and what constitutes such is ordinarily for the jury.

5. Where a contract provides for the manufacture and delivery of goods in equal amounts during four months specified, and, owing to changes in the specifications, it becomes impossible to

make deliveries during the months specified in the contract, and a portion of the goods were delivered and paid for thereafter, but no notice to rescind was given, the seller is entitled to have his claim for the balance of the goods manufactured and tendered submitted to the jury.

Argued May 14, 1928. Before MOSCHZISKER, C. J., FRAZER, WALLING, SIMPSON, KEPHART, SADLER and SCHAFFER, JJ.

Appeal, No. 87, Jan. T., 1928, by plaintiff, from judgment of C. P. York Co., Aug. T., 1923, No. 221, for defendant n. o. v., in case of Parish Manufacturing Corporation v. Martin-Parry Corporation. Reversed.

Assumpsit for breach of contract of sale. Before STOCK, J.

The opinion of the Supreme Court states the facts.

Verdict for plaintiff, on which judgment was entered for defendant n. o. v. Plaintiff appealed.

*Error assigned,* inter alia, was judgment for defendant n. o. v., quoting record.

*John A. Keppelman,* with him *Michael S. Niles,* for appellant, cited: Hurt v. Canneries Co., 269 Pa. 85; Riddle Co. v. Taubel, 277 Pa. 95; Hopp v. Bergdoll, 285 Pa. 112.

*V. K. Keesey,* of *Schmidt, Keesey, Stair & Kurtz,* with him *Harvey A. Gross,* for appellee.—The burden was on the plaintiff to excuse its delay in performance, and if this burden was not met, judgment was properly entered for defendant: Sloss-Sheffield Steel & Iron Co. v. Tacony Iron Co., 54 Pa. Superior Ct. 11; Delmont Gas Coal Co. v. Diamond Alkali Co., 275 Pa. 535; York v. York Rys. Co., 229 Pa. 236.

When the facts are undisputed, what is a reasonable time is for the court: Riddle Co. v. Taubel, 277 Pa. 95;

Hilbert v. P. R. R. Co., 277 Pa. 105; Morgan v. McKee, 77 Pa. 228.

OPINION BY MR. JUSTICE SADLER, June 30, 1928:

This appeal by plaintiff complains of the entry of judgment for defendant after a verdict in favor of the former, based on a claim for the price of certain automobile frames, manufactured for, but not accepted by, the purchaser. A former trial, involving the same demand, was set aside by this court, because of certain errors assigned to the refusal of testimony offered and instructions given, and a venire facias awarded: Parish Mfg. Corp. v. Martin-Parry Corp., 285 Pa. 131. The facts here involved are set forth in the report of that case, to which reference is made for details, which need not be repeated. Three questions were then before us for consideration, but two, relating to novation and the measure of damages, were eliminated at the second hearing, and the only matter calling for decision in the present record concerns the right of the court to declare as a matter of law, under the evidence presented, that no recovery could be had.

The parties entered into a contract on December 17, 1919, by which plaintiff agreed for a fixed price to furnish 1,000 frames, in equal amounts, during the months of March, April, May and June of 1920. Subsequently, changes were made by the purchaser in the specifications, and, as a result, it became impossible to make deliveries at the time named. It was not until May that any shipments could be made, and these continued until July 12th. In all, 489 were forwarded and paid for by that date, and no purpose to rescind because of delay was expressed by defendant, though the time limit fixed in the original sales agreement had expired in June. The conduct of the parties clearly indicated there was no intention to insist on a literal compliance with the stipulation as to dates of shipment, as this course could not be followed by reason of the alterations in

the plans. After the time last named, no notice was given to the plaintiff that immediate forwarding of the balance of the order was necessary to a continuance of the contract obligation to purchase. Work was begun on the remaining 511 during July, and invoices therefor were sent to defendant in September and October following. It refused to receive them, claiming a release of further liability because of the lapse of time before tender; and it was to recover the agreed price that suit was brought.

It appeared at the trial that the contract had been assigned by the defendant to the Atlas Trucking Corporation, but its substitution as a party was not assented to by the plaintiff, and the evidence, showing the conduct of the assignee causing the delay in tendering the balance of the order until September, was properly rejected as unauthorized by the assignor, and therefore not binding upon it. The buyer recognized its continuing liability under the contract until July 12, 1920, when frames were received and paid for, but did not communicate directly thereafter with the plaintiff until the invoices of September and October were sent, when the shipments were refused.

On this state of facts, with oral evidence of an expert that it would have been possible to have completed the work within a much less time than was taken by the seller, the trial judge submitted to the jury whether there had been a waiver of a strict compliance with the agreement fixing dates of delivery, and, if so, whether there had been a tender thereafter within a reasonable time. A verdict for the plaintiff followed, but judgment was subsequently entered for the defendant. The court was of opinion that the conduct of the parties showed a waiver of literal performance of the terms of the contract, but that the delay occasioned by defendant's acts was of two months and two days, and it was therefore incumbent on plaintiff to make delivery within that additional period after the end of June, the time limit

named originally, if recovery was to be had. Since the testimony showed this was not done, it declared there was no tender within a reasonable time, and defendant was therefore relieved of any obligation to accept and pay.

The subject of discussion, in our opinion heretofore filed, was the rights of the respective parties under the facts shown by the record, and a repetition of what was there said, or of the applicable authorities, is unnecessary. Where time is of the essence of the contract, a failure of the seller to furnish the goods purchased within the period stipulated is a bar to a recovery, unless there has been an express waiver of this obligation, or it is to be implied from the conduct of the parties: Riddle Co. v. Taubel, 277 Pa. 95; Shallenberger v. Mfg. Co., 223 Pa. 220; Welsh v. Dick, 236 Pa. 155. Where, however, the parties have treated the agreement as in force after the date specified for delivery, it becomes indefinite as to time, and neither can terminate it without notice to the other to promptly comply: Hopp v. Bergdoll, 285 Pa. 112; Price v. Beach, 20 Pa. Superior Ct. 291. If the one not in default indicates that strict compliance will thereafter be insisted on, then a reasonable time to complete the contract must elapse before a rescission is justified. There can be no effective cancellation until proper opportunity is given the seller to perform, and what constitutes such is ordinarily for the jury: Forsyth v. North American Oil Co., 53 Pa. 168; Riddle Co. v. Taubel, supra.

Under the contract of 1919, the buyer had the right to insist upon the shipping of the goods within the time fixed. Had it done nothing to waive this obligation, and if there was a default by the seller in forwarding, no recovery of the purchase price could have been had, though a tender was later made, and the buyer had given no notice of cancellation. When, however, it has indicated by word or conduct that the provision as to time was not insisted on, it is incumbent that the seller be

advised that strict compliance will then be required, and a reasonable time given thereafter to complete the order, before the purchaser can be excused from its duty to accept. As we said in the prior proceeding, above referred to (p. 140) : "Whether there was undue delay, in view of the limited extensions of time made necessary by the changes, and [whether] the evidence showed an insistence on compliance within a reasonable time thereafter, was for the jury," and it found in the present case for the plaintiff.

The court below held that the delay caused by the change of specifications did not exceed two months and two days, and the time for delivery could not be considered as extended for a greater period, but it overlooked the fact that the waiver of literal compliance with the terms of the contract, as to dates of shipment, rendered the whole provision indefinite, and it then became the buyer's duty to demand strict performance before it could be relieved of its obligation. No such request to complete the shipment was made to the seller, and the fact that the delivery was not tendered until September did not in itself constitute a legal defense. It was for the jury to say if there had been a waiver of the original stipulation as to time, and, if so, whether there appeared a demand for prompt performance thereafter, and a failure of the seller to then deliver within a reasonable time. It appeared that more than two months had gone by, and oral evidence indicated a much shorter time was required to complete the order, but these facts, and the inferences to be drawn from them, as well as the credibility of the expert who testified as to what was a fair allowance for this purpose, were for the jury, under proper instructions as to their effect. In holding, as a matter of law, that the defendant was relieved of its duty to accept delivery and pay, under the circumstances disclosed, error was committed, and the single assignment must be sustained.

The judgment is reversed, and the record is remitted with directions to enter judgment for the plaintiff upon the verdict.