Matevish, Appellant, *v.* Ramey Borough School District, Appellant.

314

Argued March 21, 1950; reargued April 13, 1950. Before RHODES, P. J., HIRT, RENO, DITHRICH and ROSS, JJ. (ARNOLD, J., absent).

*Dan P. Arnold,* with him *D. Edward Chaplin* and *Chaplin & Arnold,* for plaintiff.

*Clarence R. Kramer,* for defendant.

OPINION BY RENO, J., July 20, 1950:

On June 16, 1947, Matevish and the School District of the Borough of Ramey executed a written contract whereby Matevish was to supply automobile transportation for pupils of the district during the school years of 1947-8, 1948-9, and 1949-50. He rendered service during 1947-8, and was paid for it. Alleging breach of the contract, the school district cancelled it on September 8, 1948. Matevish sued to recover as damages the profits he would have made had he been permitted to perform the contract during 1948-9 and 1949-50. The jury returned a verdict for him for $2058. Defendant moved for judgment n. o. v. and a new trial. The court below awarded a new trial and from that order Matevish appealed. It refused defendant's motion for judgment n. o. v. and from that order the school district appealed. The appeals were argued together and the decisions will be embraced in one opinion.

Many provisions of the contract are not presently material. The principal controversy revolved around plaintiff's engagement to furnish a 1947 bus with a new chassis and body. The contract provided: "14. This contract shall not be transferred. *No other vehicle* or operator may be substituted without the written consent of the Board. . . . 19. This agreement shall terminate on the 30 day of June, 1950 unless terminated earlier *for cause* or by mutual consent of the parties hereto. 20. *Any violation* of the terms of this contract may, at the option of the Board, operate as a forfeiture thereof." (Emphasis added.)

As first drawn the instrument provided plaintiff's compensation at $15 per day. It was approved by the county superintendent of schools, who forwarded it to the Department of Public Instruction. The department declined to approve unless the compensation was reduced to $13 per day. Plaintiff agreed to that figure; the contract was resubmitted and approved; and for the first school year plaintiff charged and was paid $13 per day. Although execution of the contract was admitted, plaintiff was required to prove the minutes of the meeting at which its execution was authorized, for the action of the board is the basis of the school district's liability. *Parnell v. School Board of Clymer Borough,* 99 Pa. Superior Ct. 281; *Waltman v. Albany Twp. School Dist.,* 64 Pa. Superior Ct. 458. He failed to do so, and when the school district offered to prove the minutes, the trial judge for an unfathomable reason rejected the offer.[1] However, the uncontradicted testimony is that the board approved the written contract, in accordance with the School Code of May 18, 1911, P. L. 309, §403, 24 PS §334, which provides: "The affirmative vote of a majority of all the members of the board of school directors . . ., duly recorded, showing how each member voted, shall be required in order to take action on the following subjects:— . . . Entering into contracts of any kind, including the purchase of fuel or any supplies, where the amount involved exceeds one hundred dollars."

I. Plaintiff did not furnish a 1947 bus. He used a 1941 bus, without the written consent of the board. It was this circumstance, along with others, that caused the board to cancel the contract. In an amended complaint plaintiff alleged that at the time the rate of compensation was changed it was also agreed that plaintiff could furnish a used, instead of a new 1947, bus,

---

[1] One of the reasons assigned for the award of a new trial was the exclusion of the minutes from the evidence.

and averred "that the failure to make said change [in the written contract] in the type of bus required to be furnished by the plaintiff was the result of fraud, accident or mistake upon the part of the defendants." The requirement for a 1947 bus was a material provision of the contract, as is evidenced by the prohibition against substitution without written consent, and under *Gianni v. Russell & Co., Inc.,* 281 Pa. 320, 325, 126 A. 791, only fraud, accident or mistake, form the "basis for admitting parol evidence to set up an entirely separate agreement within the scope of a written contract . . ." Fraud, accident or mistake must be established by clear, precise and indubitable proof. *Humphrey v. Brown,* 291 Pa. 53, 139 A. 606. Evidence conforming to that standard was not offered, and the question was not submitted to the jury.

II. Plaintiff testified that he negotiated with James Smith, secretary of the board, and with him orally agreed that the provision requiring a 1947 bus be eliminated from the contract. Smith denied the agreement. The trial judge did not permit him to testify that he was without authority to bind the board. Yet he submitted to the jury the question of Smith's authority, and whether he had agreed on behalf of the board to modify the written contract by a parol agreement. This was error, and the finding of the jury is without foundation in law. "It is well established that an appointment [or a contract] by a School Board cannot be enlarged, diminished, supplemented or in any manner changed by evidence extraneous from the minutes, or by the actions or declarations of the officials of the School District: Commonwealth ex rel. Hetrick v. Sunbury School District, 335 Pa. 6, 9, 10, 6 A. 2d 279, 281; Potts v. Penn Township School District, 127 Pa. Superior Ct. 173, 179, 193 A. 290, 293; Strine v. Upper Merion Township School District, 149 Pa. Superior Ct. 612, 619, 27 A. 552, 555": *Pittsburgh School District Appeal,* 356 Pa. 282,

288, 52 A. 2d 17. Smith had no authority to modify the contract on behalf of the board. The fact that he changed the rate of compensation is without significance. It does not prove that actual or apparent authority had been conferred by the board. He changed that item to conform to the requirements of the state department, not on behalf of the board. He did not submit the alleged oral agreement to the board, and there is no evidence that he was expressly authorized by the board to perform any act in relation to the contract, save to execute it.

Moreover, had Smith been expressly authorized to negotiate for a modification of the contract, the school district would have been bound only if it approved the modified contract. To modify a contract requires a new meeting of minds, and a modified instrument is tantamount to a new contract. As such it required approval of the board in the manner provided by the School Code, §403, supra, and the approval of the Department of Public Instruction.[2] Action by the board is indispensable, and no liability can be imposed upon a school district without it. *Pittsburgh School District Appeal,* supra. Terms or stipulations inserted or altered in a contract by officers of a school district, differing from those contained in the resolution of the board authorizing the contract, do not bind the district. *Parnell v. School Board of Clymer Borough,* supra; *Com. ex rel. Ricapito v. Bethlehem School District,* 148 Pa. Superior Ct. 426, 25 A. 2d 786. The written contract was not

[2] "If the Department of Public Instruction approved the transportation as to methods and means and the contracts provided therefor, the Commonwealth will pay annually the amounts provided for by this act to the school district furnishing such transportation": Act of May 29, 1945, P. L. 1112, §5(f). Without approval the school district is not reimbursed for its transportation expenditures. Alteration of the contract without the consent of the Department would result in a loss of the district's share of the appropriation. According to the testimony this amounts to at least 90% of the expenditure, a sacrifice which no school district would voluntarily make.

legally modified, and plaintiff was required to furnish a 1947 bus.

III. Plaintiff argues that acceptance of the 1941 bus during the first year obligated the school district to accept the same bus during the two succeeding school years. In his charge the trial judge referred to the doctrines of substantial performance, waiver and estoppel. Plainly, estoppel does not apply; payments made by the school district for the service rendered did not estop it from requiring strict performance of the contract during succeeding years. *Com. ex rel. Ricapito v. Bethlehem School Dist.,* supra; *McCandless v. Summit Twp. School Dist.,* 55 Pa. Superior Ct. 277; *Waltman v. Albany Twp. School Dist.,* supra; *Walters v. Topper,* 139 Pa. Superior Ct. 292, 11 A. 2d 649; *School Dist. of Dennison Twp. v. Padden,* 89 Pa. 395. Nor is the case controlled by the principles of substantial performance; for as the term indicates, it refers to past, not future, performance.

The school district invoked the forfeiture clause or, more accurately, its right to rescind, since forfeiture usually involves deprivation of something previously owned. 3 Williston on Contracts, §769. The clauses quoted above authorize *rescission for cause* or *forfeiture for any violation* of the contract. They are sufficiently broad to cover substitution of a 1941 bus for the stipulated 1947 bus. The question is: Having accepted the 1941 bus for the first school year could the school district cancel the contract for the succeeding two years? Did its indulgence during that period deprive the school district of its rights to declare a forfeiture or rescission?

The answer is supplied by Restatement, Contracts, §300: "Acceptance of defective performance of a condition or promise does not operate as an assent to receive further similar performance except where successive acceptances of such performance justify the belief that performance of that character is satisfactory, and in-

duced thereby the party rendering performance materially changes his position." The concluding sentence of Illustration 2, "If B informs A in sufficient season to prevent further importation that no more such glass will be accepted, B may reject subsequent tenders thereof", accurately states the Pennsylvania rule. Where strict compliance with the terms of an agreement has not been required, some indication of an intention subsequently to enforce the contract rights must be given before the contract may be abrogated by forfeiture or rescission. *Atlantic City Tire and Rubber Corp. v. Southwark Foundry and Machine Co.,* 289 Pa. 569, 137 A. 807; *Riddle Co. v. Taubel,* 277 Pa. 95, 120 A. 776. The principle was stated but not applied in *Warren Tank Car Co. v. Dodson,* 330 Pa. 281, 199 A. 139, where Mr. Justice HORACE STERN collated cases in which the rule was applied in varied factual situations. The demand for literal performance must be made within a reasonable time, *Forsyth v. North American Oil Co.,* 53 Pa. 168, and what is a reasonable time, where the facts are undisputed, is for the court. *Riddle v. Taubel,* supra; *Leaming v. Wise,* 73 Pa. 173; *Markley v. Godfrey,* 254 Pa. 99, 98 A. 785; *Gervis v. Kay,* 294 Pa. 518, 144 A. 529. "In determining this [reasonable time] the court must consider what was to be done within that time and what acts were to be performed by the party in default, for it is only from such acts we may learn whether the length of time was reasonable": *Riddle v. Taubel,* supra, p. 97.

The undisputed facts, consisting of letters by the board whose receipt is admitted, clearly establish that the school board demanded literal compliance with the contract and afforded plaintiff reasonable time in which to comply. Passing earlier expressions of dissatisfaction with the services rendered, on July 7, 1948, the board by letter requested plaintiff to return his bus contract so that it might be terminated by mutual consent. On July

15, 1948, the secretary on behalf of the board wrote: "The board signed the contract and was recommended for approval by the county [superintendent] on the basis that a new (1947) bus be furnished. The new bus was the reason behind the 3 year contract. No new bus was furnished, no promise of one for the future, and we didn't have the best bus of your lot for 1947-1948. Therefore, the Ramey Borough School Board terminates the contract for cause. It is up to you to show why this contract should not be terminated as expressed by the board within ten days." A firm of lawyers in Ebensburg, who represented plaintiff and evidently sought a meeting with the board, was informed on July 27, 1948, that the board met on the first Monday of every month. Neither the attorneys nor plaintiff appeared at that or any subsequent meeting. Nor did plaintiff orally or otherwise offer to furnish a 1947 bus or request time in which to procure one. He stood squarely upon his erroneous contention that he was not legally obligated to furnish a 1947 bus. The contract was finally rescinded by a resolution adopted on September 8, 1948, two months after the first warning notice. The act to be performed in the interval was the procurement of a 1947 bus, and there is no evidence that plaintiff endeavored to secure such a bus during that time and failed through no fault of his own. We hold as a matter of law that in the circumstances plaintiff had reasonable notice of the intention of the board to require literal performance of the contract. Viewing the evidence in the light most favorable to plaintiff, as we are bound to do, judgment must nevertheless be entered for defendant, since plaintiff's claim is without foundation of law.

IV. It appears that plaintiff did not receive the notice of cancellation until September 11, 1948, and continued to render service until that date. The school district paid for the four additional days. It is not contended that thereby the school district receded from its

cancellation. It is therefore not necessary to decide the point but it is probable that the cancellation was intended to become effective on the day of its receipt, not on the day of its date. At all events, since the board had awarded a new transportation contract, it certainly did not intend to recede from the cancellation. It did not intend to have two contracts for the same purpose.

We have confined our attention to plaintiff's failure to supply the 1947 bus, and excluded consideration of other numerous complaints of the board as to the character of the service and violations of the contract. Having decided the most vital question against plaintiff, decision upon the other complaints and the numerous trial errors is unnecessary.

V. The conclusions are: (a) Plaintiff's alleged parol agreement imposed no liability upon the school district; and (b) his written contract was rescinded for good cause, after timely notice. Since no legal liability rests upon defendant, there are no factual issues for determination by a jury, and the award of a new trial was an abuse of discretion. *Kuhler v. Harrison Construction Co.*, 361 Pa. 100, 62 A. 2d 853. Cf. *Streilein v. Vogel*, 363 Pa. 379, 69 A. 2d 97, where it appeared (p. 385) that there were questions of negligence and contributory negligence for determination by the jury.

The order refusing judgment n. o. v. and awarding a new trial is reversed, and judgment is here entered for the defendant.

Judge ARNOLD took no part in the hearing, consideration or decision of this case.