## Miller v. Bellefonte Area School District

*Charles C. Brown, Jr.,* and *Love & Wilkinson,* for plaintiffs.

*John R. Miller,* and *Miller, Kistler, Lee & Campbell,* for defendant.

CAMPBELL, P. J., October 2, 1969.—Kenneth W. Miller, supervising principal; Myron W. Ritter, senior high school principal; and George J. Davey, assistant supervising principal; all of the Bellefonte Area schools, each instituted separate actions in assumpsit against defendant school district for the nonpayment of a claimed increase in salary for the 1965-66 school year. The district denies that they are entitled thereto. Since all three cases involve an identical statement of facts, we will consolidate them for the purpose of this opinion.

All three plaintiffs were professional employes, having entered into their contracts prior to the year in question. It is agreed that they performed fully and well all services required of them.

On April 26, 1965, in preparation for the adoption of the budget for the school year 1965-66, the board passed the following motion:

"Mr. Hughes moved, Mr. Petuck seconded that the $37,400.00 be included in the budget to be used in connection with Step 11, and that we get a review of administrative salaries before final adoption of the budget."

The board was composed of nine members. It does not appear how many were present, but the record is clear that only four voted affirmatively for the motion.

Section 508 of the Public School Code of March 10, 1949, P. L. 30, requires the affirmative vote of a majority of all the members of the board of school directors, duly recorded, showing how each member voted, in order to fix the salary of a professional employe: 24 PS §5-508.

On May 17, 1965, the board of school directors approved the minutes of April 26, 1965, and on June 21, 1965, the board adopted the 1965-66 budget containing $37,400 under budget category 0200 Series "Instruction" for "Extra Adjustments." In said budget, under 0100 Series "Administration," plaintiffs' salaries were specified as the amount which they severally did receive. The salaries as listed did not contain any part of the $37,400 item which they are now claiming.

Plaintiffs aver and defendant denies that each plaintiff was notified by the business manager of the district of an increase in salary now being claimed, to be paid out of the $37,400 budget item. Plaintiff George J. Davey was the business manager. For 11 months, plaintiffs were paid at the increased rate. During the twelfth month, defendant deducted all excess monthly payments so that the total received by each plaintiff equaled the specific amounts included in the budget under 0100 Series "Administration." No review of administrative salaries was ever undertaken by the board according to board minutes.

Plaintiffs aver and defendant denies that plaintiffs rearranged their scale of living and, therefore, defendant is estopped from denying them the increase in salary.

If the aforerecited facts are determined to create a valid contract calling for the payment of the increased salary as per step 11, then plaintiffs would be entitled to judgment in their favor for the amounts they separately seek. If not, then defendant school district is entitled to a judgment in its favor.

For the purpose only of disposing of defendant's motion for judgment on the pleadings under Pa. R. C. P. 1034, we will assume that plaintiffs received a letter from the business manager indicating the claimed increase in salaries and that they severally altered and raised their scale of living. This, in effect, admits all of plaintiffs' allegations of fact but not their averred legal consequences.

". . . the court must accept as true all facts well pleaded and inferences reasonably deducible therefrom; and judgment should be entered only where it is clear that no meritorious legal defense is raised": Necho Coal Company v. Denise Coal Company, 387 Pa. 567 (1957).

"On a motion for judgment on the pleadings by the defendant, the complaint, answer and reply to averments of new matter in the answer are considered, and all facts plead by the plaintiff which are relevant and material must be accepted as admitted even though denied": Aughenbaugh v. North American Refractories Company, 426 Pa. 211 (1967).

We believe under the facts and circumstances of this case that plaintiffs never had a valid legal contract with defendant which included the increased salaries sought by them, and the legal doctrine of estoppel is not applicable. No legal action was ever taken by defendant school board, either direct or by ratification, which would entitle plaintiffs to prevail. This case is controlled by the holding in the following cases: Commonwealth ex rel. Ricapito v. Bethlehem School District, 148 Pa. Superior Ct. 426 (1942);

Matevish v. Ramey Borough School District, 167 Pa. Superior Ct. 313 (1950).

We, therefore, feel obliged to enter the following order:

And now, October 2, 1969, defendant's motion for judgment on the pleadings is granted and judgment is entered for defendant in each of the above-captioned actions.