# J. H. Eisenhower, Appellant, *v.* School District of the Borough of Centralia.

*Indivisible contract—Right of action—One recovery final.*

An action brought for a part of an entire and indivisible demand and a recovery therein will bar a subsequent suit for the residue of the same demand.

*Contract of teacher—Recovery for breach.*

A school teacher having been improperly dismissed from his office brought suit and recovered for one month's salary. He subsequently brought suit claiming for the next eight months' salary. *Held,* that the claim was an entire one; that the plaintiff was not entitled to either salary or wages eo nomine, but that he had a right to claim damages; that an immediate right of action inured to the plaintiff, upon his dismissal, to recover actual damages sustained by such dismissal, and that the payment of the judgment recovered in the first suit was a bar to any further action or recovery.

Argued Jan. 8, 1900. Appeal, No. 52, Jan. T., 1900, by plaintiff, from judgment of C. P. Columbia Co., Dec. T., 1898, No. 9, for defendant, on case tried before the court without a jury. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and MITCHELL, JJ. Affirmed. Opinion by MITCHELL, J.

Assumpsit. Before LITTLE, P. J.

It appears from the evidence that plaintiff was elected principal of the Centralia school for the term of three years. That after the expiration of one year he was illegally dismissed; that subsequently he brought and recovered judgment before a magistrate for $85.00, the amount of one month's salary. This judgment was affirmed on appeal to the common pleas, December term, 1897, No. 172; that subsequently he brought suit to recover for eight months' salary at the rate of $85.00 a month.

The court found as conclusions of law, inter alia, as follows:

52    EISENHOWER *v.* SCHOOL DISTRICT.

Statement of Facts—Assignment of Errors.    [13 Pa. Superior Ct.

1. That the plaintiff was properly elected and regularly chosen appointee to the position for the term of three years.

2. That the defendant, through its board of directors, dismissed the plaintiff from his employment, without any legal excuse or justification whatever.

3. That the plaintiff thereupon had an immediate right of action against the defendant, to recover compensation for the actual damages sustained by such wrongful dismissal from employment, before the expiration of the term for which the plaintiff had been elected principal.

4. The judgment recovered in the action, No. 172, December term, 1897, J. H. Eisenhower v. The School District of Centralia Borough, and the payment of the amount thereof by the defendant to the plaintiff, precludes the plaintiff from the right to recover in this action.

5. That the defendant is entitled to have judgment entered in its favor against the plaintiff, with costs.

Judgment for defendant.    Plaintiff appealed.

*Errors assigned* among others were (1) in the following finding, to wit: " In our view Eisenhower was not entitled to either ' salary ' or ' wages ' eo nomine.    He had the right to claim damages.    Damages were the only thing that the former suit was for, and which were ultimately recovered and paid after judgment in this court, irrespective of the manner in which plaintiff framed his demand, or the justice the wording of his judgment."    (2) In the following finding, to wit: " In the former, as well as in the present suit, the evidence and facts are the same.    The cause of action was for the breach of the contract made by the defendant, with the plaintiff ; they claimed wrongful dismissal of the plaintiff from his employment, and the defendant's refusal to allow the plaintiff to enter upon his duties as principal, at the opening of the schools for the second school year, and is in both causes identical."    (3) In the following finding, to wit: " The present suit notwithstanding the terms in which the pleader has defined the terms of the claim as for so much money due the plaintiff as ' salary,' so well as the former suit, is for damages.    The cause of action in both suits was the breach of the defendant's contract, occasioned by

the wrongful dismissal of the plaintiff from employment, and the refusal to permit the plaintiff to continue in the performance of his duties as principal teacher. The right of action had fully accrued before and at the time the former suit was brought. The claim was an entire one. The law had provided the plaintiff a full remedy by action, and had defined a rule for the admeasurement of his damages." (4) In finding as follows, to wit: " The former action as of No. 172, December term, 1897, by this plaintiff against the defendant school district, the recovery of judgment therein, and the payment of the amount thereof to the plaintiff, precludes the right of the plaintiff to recover in this suit."

*T. H. B. Lyon*, for appellant.—A teacher whose work is suspended for a time by the directors may recover his salary for the period of suspension : Dewey v. Alpena School District, 43 Mich. 480 ; 38 Am. Rep. 206 ; Com. v. Frank, 4 Pa. C. C. R. 618.

It will be seen by the pleadings that the claim in the former action was entirely distinct from the claim in the present action.

The contract in the two cases between plaintiff and defendant was identical, but it was not entire. The salary of the plaintiff was to be paid in monthly payments of $85.00 each. The contract was, therefore, severed into nine distinct monthly instalments of salary for each year.

If parties contract that money shall fall due and be payable in instalments, they have severed it, and the contract is not entire but divisible: 1 Herman on Estoppel, sec. 225 ; 21 Am. & Eng. Ency. of Law, 208 ; Buck v. Wilson, 113 Pa. 423.

In determining whether judgment is an estoppel against the prosecution of a second action, the inquiry must always be as to the point or question actually litigated and determined in the original action, not what might have been thus litigated and determined: Cromwell v. County of Sac, 94 U. S. 351 ; Davis v. Brown, 94 U. S. 423.

The demand of the plaintiff in the first action was one month's salary, and the plaintiff's right to recover a month's salary was the only question litigated and determined in that action. This is shown by the records of the case.

The demand in the second action was for the eight succeed-

ing months' salary and was a distinctly, separate and different demand from that litigated and determined in the first action, although arising upon the same divisible contract.

*Edward J. Flynn,* with him *William H. Rhawn,* for appellee. —It is contrary to the policy of the law to permit of a splitting up of a cause of action, and of several suits for parts of the same demand, when all rights between the same parties can be adjudicated in the one proceeding.

"Nemo debit vexari si constet curiae quod si pro una et eadem causae" and "Expedit republicae ut sit finis litium" are maxims of the law. Authority for the principle stated may be found in Buck v. Wilson, 113 Pa. 523, Hill v. Joy, 149 Pa. 243, Logan v. Caffrey, 30 Pa. 196.

An action brought for a part of an entire and indivisible demand, and a recovery therein, will bar a subsequent suit for the residue of the same demand: Bendernagle v. Cocks, 19 Wend. 207; Staples v. Goodrich, 21 Barb. 317; Warren v. Comings, 60 Mass. 103; Lucas v. LeCompte, 42 Ill..303.

A former judgment is a bar to any future action for the same cause of action between the same parties. The test by which the identity is to be established is whether the same evidence will support both actions: Sykes v. Gerber, 98 Pa. 179; Schriver v. Eckenrode, 87 Pa. 213.

It is well settled that where a servant has been discharged without sufficient legal cause before the expiration of his term, he is entitled to recover the damages he has actually sustained, to be determined by the whole amount he would have received if he had been permitted to complete his contract of employment, less what he might have earned by using due dilligence in seeking employment: Emery v. Steckel, 126 Pa. 171; Nixon v. Myers, 141 Pa. 477; Wood on Master and Servant (1st ed.), 237, 251.

It will be observed from the principle announced in these authorities, that the damages which a servant is entitled to recover for a wrongful dismissal before the expiration of his term, constitute an entire cause of action; in other words, that he is entitled to recover all his damages in one action, to be measured as stated above.

The principle is, that a plaintiff cannot split up an entire

cause of action into distinct parts, and bring a separate action on each. If he does, a recovery for one part will be a bar to an action for another part: Hill v. Joy, 149 Pa. 243; Carvill v. Garrigues, 5 Pa. 152.

OPINION BY MITCHELL, J., February 16, 1900:

The plaintiff brought this action in the court below September 28, 1898, to recover "eight months' salary at $85.00 per month," under a contract alleged to have been founded upon a resolution of directors of the defendant district, adopted August 18, 1896, which reads as follows: "On motion, Davis, Prof. Eisenhower be elected principal for the term of three years at $85.00 per month for the term of nine months, provided he moves to town." He taught fully the nine months' term for the first year's school under this employment, and was paid his salary therefor.

In July, 1897, before the time for opening the schools for the next yearly term, the directors made some complaints against the plaintiff, which appear to have been satisfactorily explained, except that he refused to deliver up the keys to his desk as principal, and certain examination papers of the pupils which he held over from the former year. At a meeting on August 2, 1897, the directors passed a resolution reciting that Prof. Eisenhower persisted in his refusal to deliver up the keys and examination papers, and had stated that he would not examine the pupils' papers without extra compensation; that he would not touch them before the beginning of the next term; that he was legally appointed for three years but had no contract, and concluding as follows: "Resolved, That it is the belief of the board that said appointment is illegal, and if legal, he has forfeited the position by his conduct above recited, and that the principalship of our schools is now vacant." 

On August 7, 1897, by resolution, the directors elected Smith Murphy principal of the high school for the ensuing year, and in due time he entered upon his duties as such.

On October 4, 1897, this plaintiff brought an action before a justice of the peace against the defendant and recovered a judgment, as stated in the transcript, "for one month's salary, $85.00, for the school month of September, 1897, with interest and costs." From this judgment an appeal was taken by the

defendant, and upon the facts agreed upon by the parties the court below entered judgment June 29, 1898, for plaintiff for $89.05, which was afterwards fully paid. After that this suit was brought.

There are eighteen assignments of error in this case. We are of opinion that there is no harmful error in any of them. No doubt the plaintiff was wrongfully ousted from his place as principal of this high school, for it does not appear that he was dismissed for any one of the four causes prescribed by the Act of May 8, 1854, P. L. 617, sec. 23, cl. 5,—"incompetency, immorality, cruelty, negligence." It was upon that ground only that he could and did recover in his former action. But he was not limited in that suit to a recovery only for one month's salary, save by his own allegation in the statement of his claim. He might have recovered for all the damages he suffered by his wrongful ouster from the station to which he was lawfully chosen. It is not necessary here to discuss what the legal measure of these damages was. Therefore the judgment in the former suit is a complete bar to the plaintiff's right to recover in this.

The judgment is affirmed, and this appeal is dismissed at the cost of the appellant.