## Lyndall, Appellant, *v.* High School Committee.

*School law—Teachers—Vaccination—Injunction.*

School directors have the power to suspend a teacher because she refused to comply with a regulation of the board requiring teachers to be vaccinated.

*Equity—Practice, C. P. —Injunction—Dismissal of bill.*

The court has no power to dismiss a bill in equity at the same time that it refuses a preliminary injunction, where it appears that the defendant had not demurred to the bill, nor set the case down for hearing on bill and answer, and that the only matter before the court was the motion for a preliminary injunction.

Argued Dec. 16, 1901.  Appeal, No. 263, Oct. T., 1901, by plaintiff, from decree of C. P. No. 4, Phila. Co., Sept. T., 1901, No. 1886, dismissing bill in equity in case of Mary Helen Lyndall v. The Committee on the High School for Girls of the Board of Public Education of Philadelphia, of which Committee Thomas G. Morton is Chairman, William D. Rorer, as Principal of the High School for Girls of Philadelphia, and the Committee on Hygiene of the Board of Public Education of Philadelphia, of which Committee Samuel G. Dixon is Chairman.  Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ.  Affirmed.

Bill in equity for an injunction.

Motion for preliminary injunction.

*Errors assigned* were in refusing the preliminary injunction and dismissing the bill.

*C. Oscar Beasley,* for appellant.—The power of the board of education is specific and limited, and must be guided strictly by the acts governing the board: Perrot v. Phila., 83 Pa. 479.

As the Act of assembly approved June 18, 1895, P. L. 358, has defined the relation of vaccination and smallpox to the public schools, it is improper for the board of education to add to or detract from the regulations of said act by any alleged use of discretionary power.

*Ernest Lowengrund*, assistant city solicitor, with him *John L. Kinsey*, city solicitor, for appellee. — The committee had the power to suspend: Custer v. Prospect Park School District, 12 Pa. Superior Ct. 102; Philadelphia v. Johnson, 47 Pa. 382; McCrea v. Pine Township School District, 145 Pa. 550; Whitehead v. North Huntingdon Township School District, 145 Pa. 418.

Whether the regulation requiring revaccination of teachers is a reasonable one, it pertains to the board of education to determine. Having reached a decision upon this subject, such decision cannot be revised unless it be an arbitrary or oppressive one, or one which is wholly and absolutely unjustified: Duffield v. Williamsport School District, 162 Pa. 476.

Where the facts are not disputed and the want of equity is disclosed by the bill itself, it may be dismissed on preliminary hearing: Kneedler v. Lane, 45 Pa. 238; Gross v. Wieand, 151 Pa. 639.

OPINION BY RICE, P. J., January 21, 1902:

This is an appeal from a decree refusing a preliminary injunction and dismissing the plaintiff's bill. The prayers of the bill were, that an injunction be granted enjoining and restraining the defendants from in any manner interfering with the plaintiff in continuing as a teacher in the high school for girls, or suspending her, and from any further proceedings looking toward the suspension of or interference with the plaintiff, in any way, as teacher, until further order of the court. At the time the motion was heard the plaintiff had been suspended by direction of the chairman of the committee on high school for girls, because she refused to comply with the provisions of a resolution of the committee on hygiene relative to vaccination of teachers, which action of the committee was subsequently approved by the board of public education. After the hearing of the motion, but before the decree was made, an answer was filed in which it appeared that the action of the chairman in suspending the plaintiff was unanimously approved by the committee on hygiene and the committee on high school for girls. It is thus seen that as matters stood at the time the decree was made, the practical effect of awarding an injunction would have been to reinstate the plaintiff. We cannot assent

to the proposition that the board had not power to suspend her because of her refusal to comply with the regulation above referred to. On the contrary we concur with the learned president of the common pleas in holding: "As school directors may, in the exercise of a sound discretion, exclude from the public school pupils who have not been vaccinated, as was decided by the Supreme Court in the case of Duffield v. Williamsport School District, 162 Pa. 476 (1894), so may they exclude teachers and other employees for the same reason." Nor, as the case is now presented is it necessary to discuss the regularity of the proceedings which resulted in her suspension. At the date of the decree her suspension, whether the procedure was regular or irregular, was an accomplished fact, and whatever may be her rights in an action at law, we are all of opinion that in the circumstances and especially upon a motion for a preliminary injunction, she was not entitled to a decree which would have the practical effect of reinstating her, notwithstanding her refusal to comply with the regulation promulgated by the committee on hygiene and approved by the board of public education.

The third assignment of error relates to the dismissal of the bill. It is to be borne in mind that the cause had not been set down by the plaintiff for hearing on bill and answer, nor had the defendant demurred. The only matter before the court was the motion for a preliminary injunction. This being the status of the case it was irregular to dismiss the bill: Buck Mountain Coal Company's Appeal, 5 W. N. C. 309. We know of no case deciding differently; certainly the cases cited in the appellee's brief do not.

That part of the decree dismissing the bill is set aside. As thus modified and amended the decree is affirmed, the costs to abide the determination of the suit.