## Garvin v. Beaver Falls Borough.

*Equity—Parties—Remedy at law—Boroughs—Ordinance—Arrest of violators of ordinance.*

A preliminary injunction against a borough restraining the arrest of plaintiff for violating an ordinance forbidding the erection of a gasoline tank within the borough limits, will be dissolved where it appears that the borough alone is named defendant without a joinder of its officers, although a decree is prayed against such officers, that plaintiff never appealed from the ordinance as passed, and that he has an adequate remedy at law if arrested.

Bill for preliminary injunction. C. P. Beaver Co., Sept. Term, 1927, No. 8, in Equity.

*A. G. Helbling*, for plaintiff; *Martin, Swaney & Ewing*, for defendant.

McCONNEL, J., Aug. 24, 1927.—On Aug. 17, 1927, the plaintiff filed a bill in equity in the Court of Common Pleas of this county for an injunction against the Borough of Beaver Falls, setting forth, among other things, that the plaintiff had leased certain land in the Borough of Beaver Falls from the Pittsburgh & Lake Erie Railroad Company; that he had made application to the Bureau of Fire Protection of the Commonwealth of Pennsylvania for permission to erect three 10,000-gallon steel storage tanks, and also a pumping station for the purpose of unloading gasoline, oil, naptha and other substances from tank-cars, and said permit was granted to the plaintiff on July 11, 1927; that the plaintiff thereupon began the erection of said tanks, and had the same almost completed when certain citizens in the neighborhood restrained the erection of said tanks, filing a bill in equity at No. 4, September Term, 1927, in this court, upon which a temporary injunction was issued on July 20, 1927, which, on July 25, 1927, after a hearing, was dissolved; that a second injunction was issued on July 25, 1927, which was also dissolved on Aug. 4, 1927; that, after the issuing of the first injunction, the Town Council of the Borough of Beaver Falls passed an ordinance prohibiting the erection of said tanks, which ordinance became a law on Aug. 4, 1927, a copy of which is attached to the bill and marked Exhibit "A;" that, on Aug. 16, 1927, the plaintiff began to complete the erection of said tanks and was arrested by the Chief of Police of the Borough of Beaver Falls, given a hearing and a fine imposed; that the chief of police testified at said hearing that he had been instructed by the town council to make said arrest, and that he had been instructed to arrest the plaintiff herein as often as he would attempt to complete the erection of said tanks; that the plaintiff having begun the erection of said tanks before the passage of said ordinance, the same cannot be retroactive, and said arrest can only be made for the purpose of annoying, harassing and inconveniencing the plaintiff.

Plaintiff further sets forth in his bill that he has been informed, and believes, that said ordinance is unreasonable, illegal and void; that, unless the defendant is restrained from further arresting the plaintiff under said ordinance, the said action will give rise to a multiplicity of cases at law; that a continuance in the arrests of the plaintiff by the defendant will deprive him of his rights and the use of said property, and he will suffer irreparable injury. Plaintiff prays that the defendant, its officers, agents and employees be required to appear and make answer to the bill of complaint, and that a preliminary injunction may issue, to be made perpetual hereafter, restraining the Borough of Beaver Falls, its officers, agents and employees, as well as all other persons, from arresting the plaintiff or making complaint against, hearing or passing judgment against him or his agents or employees, for violation

of Ordinance No. 624 of said borough, or in any way interfering with the plaintiff, his agents or employees in the completion of the erection of said tanks. At the same time, injunction affidavits were filed and a bond, which was approved by the court, and a preliminary injunction was issued as prayed for. The hearing was fixed for Monday, Aug. 22, 1927, at 8 o'clock A. M.

At the time of hearing, attorneys appeared, d. b. e., for the Borough of Beaver Falls and made a motion to dissolve the preliminary injunction for the following reasons:

"1. It appears from an inspection of the bill that, upon the facts averred therein, the plaintiff has a full, complete and adequate remedy at law.

"2. All of the allegations contained in the bill of complaint are allegations that should be raised in an appeal from a conviction under the provisions of said ordinance.

"3. At No. 64, September Sessions, 1927, in the Court of Quarter Sessions of the Peace of the County of Beaver, the plaintiff appealed from a conviction under the provisions of the ordinance mentioned and expressed in the bill of complaint.

"4. The bill of complaint is defective, in that the officers of said borough are not mentioned, but simply the Borough of Beaver Falls is named as the sole defendant.

"5. The service of the sheriff is defective, in that service was not made upon any municipal officer, except the secretary and burgess, and said return shows that no service was made upon any member of the town council, which is the instrumentality through which the municipality acts.

"6. The injunction in this case having been granted without previous notice to the defendant and no motion to continue argued within five days after notice of the granting thereof, under Equity Rule 39, the injunction is now dissolved, the court not having especially ordered otherwise as provided by said Equity Rule."

This motion was overruled by the court at the time it was made, the court indicating, however, that, in its opinion, the motion would have to be granted because all parties who were interested and intended to be bound by the injunction were not parties to the bill; but it was suggested that if the plaintiff and defendant wished to present any evidence, the same would be heard and the whole matter thereafter disposed of by the court.

The plaintiff thereupon produced a number of witnesses, and the evidence as introduced before the court showed that a permit had been applied for and issued to Frank G. Garvin by the Bureau of Fire Protection for the Commonwealth of Pennsylvania, allowing the erection of said tanks and a pump in the Borough of Beaver Falls, in this county. The application was made June 16, 1927, and the hearing was held in the council chamber of the Borough of Beaver Falls before the Fire Marshal of the State on July 6, 1927. One of the attorneys for the Borough of Beaver Falls was present at this hearing, as were the secretary of council and one or more councilmen. The permit was granted on July 11, 1927. Work was commenced by the plaintiff upon the location of these tanks on July 13, 1927, and continued until July 20, 1927, when it was stopped by an injunction from this court. During that period, the work of erecting the tanks was almost completed. On Aug. 16, 1927, when the plaintiff had commenced work again, he was arrested and a hearing was held before the Burgess of the Borough of Beaver Falls. At that time, the Chief of Police of the Borough of Beaver Falls testified that his instructions were to arrest the plaintiff and his workmen every time they started to work. The tanks were to be erected upon property of the Pitts-

burgh & Lake Erie Railroad Company which had been leased by them to the plaintiff.

Ordinance No. 624, marked plaintiff's Exhibit 2, was passed by the Borough of Beaver Falls. This ordinance was introduced into council on July 22, 1927, and advertised as required by law on July 24, 1927. That is the substance of all the evidence produced on the part of the plaintiff. The attorneys for the defendant produced no evidence, but after the testimony was closed they renewed their motion for the dissolution of the injunction, which was over-ruled by the court and exception granted to the defendant.

The evidence as produced by the plaintiff does not substantiate the necessary averments contained in the bill as filed, as there is no evidence that the plaintiff has been convicted of any violation of the ordinance in question; nor that he has made any effort to maintain his rights by appealing from any such conviction; nor that he has appealed from the ordinance as passed; nor is there any evidence that the plaintiff has been damaged or continually harassed and interfered with in the construction of his plant. The plaintiff, upon hearing, must introduce testimony which clearly shows that he is entitled to a preliminary injunction; otherwise the strong arm of the law by preliminary injunction will not be stretched out for his relief.

Even the record of this court at No. 4, September Term, 1927, in Equity, was only offered by the plaintiff for the purpose of fixing the time when he was enjoined by certain of the citizens of the Borough of Beaver Falls from erecting his tanks, and, under the bill as filed in this case and the testimony as introduced, we are satisfied that the plaintiff is not entitled to the continuance of the preliminary injunction.

We need only discuss at the present time one of the reasons alleged by the defendant which requires the dissolution of the injunction, and that is, that no officers of the defendant are named in the bill of complaint. The only defendant in this bill is the Borough of Beaver Falls; and the plaintiff asks the court upon such a bill to restrain the defendant, its officers, agents, employees and all other persons, from interfering with him in the erection of his storage tanks, etc. As we understand the law, equity will not act, neither by injunction or otherwise, unless all parties who are interested or who are to be affected by the bill are made parties to the proceeding. This general principle is set forth in 1 Pomeroy's Equity Jurisprudence, § 114, as follows: "The governing motive of equity in the administration of its remedial system is to grant full relief and to adjust in the one suit the rights and duties of all the parties which really grow out of, or are connected with, the subject-matter of that suit. Its fundamental principle concerning parties is that all persons in whose favor or against whom there might be a recovery, however partial, and also all persons who are so interested, although indirectly, in the subject-matter and the relief granted, that their rights or duties might be affected by the decree, although no substantial recovery can be obtained either for or against them, shall be made parties to the suit."

The Town Council of the Borough of Beaver Falls, the burgess and the chief of police would undoubtedly be affected by any decree which might be made in this case, and they are not made parties to this proceeding. In the case of Geesey v. City of York, 254 Pa. 397, this same question was raised in the court below and decided adversely to the defendant. Wanner, P. J., in dissolving the preliminary injunction, said, inter alia: "The defendants' answer asks that the plaintiffs' bill be dissolved for want of proper and necessary parties thereto, because the paving contractor whose compensation was to be paid out of the proceeds of the collection of these claims would be

injured by the granting of the injunction prayed for. This objection, which was insisted upon by defendants' counsel at the hearing in this case, goes to the jurisdiction of the court, and, if sustained, would be fatal to any further proceedings in this case on the present state of the record. It is a well-settled rule in courts of equity that all parties who would be adversely affected by the decree prayed for must be brought into court as parties of record before such decree can be made: Findley v. Warren, 244 Pa. 64; Ebling v. Schuylkill Haven Borough, 244 Pa. 505; Monessen Borough v. Monessen Water Co., 243 Pa. 53; Hartley v. Langkamp & Elder, 243 Pa. 550; Hoffman & Oster v. Hartman & Sener, 7 Lanc. Law Rev. 137; Petitt v. Baird, 10 Phila. 57; Thomas v. Boswell, 14 Phila. 197; Scholl v. Schoener, 1 Wood. Dec. 200."

This was affirmed in a *per curiam* opinion of the Supreme Court, and the bill was dismissed.

For another reason, also, we think that the preliminary injunction would have to be dissolved, and that is because the plaintiff has a complete and adequate remedy at law'which he can and should pursue; and under those circumstances a court of equity will not act. However, as the matter is before us now only upon a motion to dissolve the injunction, we cannot dismiss the bill: Lyndall v. High School, 19 Pa. Superior Ct. 232; Mauser v. Lerch, 7 D. & C. 242, 244.

*Order.*—Now, Aug. 24, 1927, the preliminary injunction issued in this case is dissolved.

Same day, an exception granted and bill sealed to the plaintiff.