McNulty, Appellant, *v.* Olyphant Borough School
District et al.

Argued May 9, 1938. Before KEPHART, C. J., SCHAF-
FER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*David J. Reedy* and *James W. McNulty,* with them
*M. J. Murray, Jr.,* for appellant.

*Reese H. Harris,* of *O'Malley, Hill, Harris & Harris,*
with him *Maurice V. Cummings,* for appellees.

OPINION BY MR. CHIEF JUSTICE KEPHART, June 17,
1938:

Appellant, a married woman, was employed for sev-
eral years by the School District of Olyphant as a

teacher and supervisor of music. On May 6, 1936, the school board voted to terminate the contracts of all married women in the employ of the district. No action was taken until the opening of the schools in September, but appellant's written contract was not renewed for the new school year. On September 8th, the board adopted a motion cancelling her contract as of September 9th, but she was not notified until September 10th, having taught two days of the new term. No cause was stated for her dismissal. Appellant immediately stopped teaching, but thereafter made demands upon the board for her salary. After the effective date of the Teachers' Tenure Act of April 6, 1937, P. L. 213, she made formal request for a new contract in conformity therewith, which was denied. Her petition for a writ of alternative mandamus to compel the execution of the contract was refused by the court below.

Appellant's last written contract with the school board was executed on September 3, 1935, for the school year 1935-1936. The Act of May 18, 1911, P. L. 309, section 1205, as amended by the Act of May 29, 1931, P. L. 243, provided all contracts executed in accordance with its provisions should remain in force from year to year unless terminated by the school board on sixty days' notice. Notice in compliance with the act was not given appellant, and her contract was unlawfully terminated. But it was in fact and in law terminated. Appellant insists however that her contract may be regarded as being "in effect"; and that she was "employed" on the effective date of the Tenure Act.

In the *Teachers' Tenure Act Cases*, 329 Pa. 213, this Court said at p. 233: "The teachers named by the Act to receive new contracts are those who were at the time of its enactment 'now employed.' The Act also prevents the termination of contracts then 'in effect' except in accordance with its provisions. It does not compel the school board to restore to employment any teacher whose contract had been terminated prior to its adoption."

We cannot adopt appellant's contention. Her case is not analogous to that of the teachers involved in the *Tenure Act Cases*. Appellant not only received notice of dismissal; she had been dismissed. Her employment as teacher ended seven months before the Teachers' Tenure Act was passed. Although wrongful, the termination of appellant's contract was successful and there was substituted therefor a possible right of action for the breach. See *Costello v. School District*, 241 Pa. 179. In *Eisenhower v. School District*, 13 Pa. Superior Ct. 51, it was held that a teacher wrongfully dismissed had no continuing rights under the contract, but was restricted to damages for the breach. And in *Lyndall v. High School Committee*, 19 Pa. Superior Ct. 232, it was said at p. 234: "Nor, as the case is now presented is it necessary to discuss the regularity of the proceedings which resulted in her suspension. At the date of the decree her suspension, whether the procedure was regular or irregular, was an accomplished fact. . . ."

If appellant's position were sound, then the effect of the Teachers' Tenure Act would be to work a restoration of all teachers who, in the past, were wrongfully dismissed. This was not the intention of the legislature. Its purpose was simply to retain in employment those who were engaged in teaching under contracts not terminated when the act was passed.

Decree affirmed at appellant's cost.