Walters, Appellant, v. Topper et al.

Argued October 24, 1939.

Before Cunningham, Stadtfeld, Parker and Rhodes, JJ.

*Swirles L. Himes,* with him *Samuel H. Stewart,* for appellant.

*I. Newton Taylor,* for appellee.

OPINION BY RHODES, J., March 2, 1940:

Appellant's petition for writ of alternative mandamus to compel the president of the board of school directors of defendant school district to sign the contract for the school year 1936-1937, to compel the school district to enter into a contract with appellant for the school year 1937-1938, and to require the reinstatement of appellant as a teacher in defendant school district was dismissed by the court below.

The pleadings consisted of the petition and answer, and the material facts are not in dispute. Appellant's position on this appeal, as we understand it from the brief, is that he was "employed" on the effective date of the Teachers' Tenure Act of April 6, 1937, P. L. 213; and that he had a contract which should be regarded as binding on defendant school district and "in effect" on April 6, 1937.

Following the enactment of the Tenure Act of 1937, appellant requested defendant school district to enter into a contract with him for the school year 1937-1938, basing his right on section 2 of that act; this the defendant school district refused to do. Section 1 of the Tenure Act of 1937 amended section 1201 [1] of the Act of May 18, 1911, P. L. 309, 24 PS §1121, by defining "professional employes" of school districts. Section 2 of the Tenure Act of 1937 amended section 1205 of the Act of May 18, 1911, P. L. 309, amended by the Act of May 7, 1929, P. L. 1576, §1, and amended by the Act of May 29, 1931, P. L. 243, §26, 24 PS §1126. Section 1205 of the School Code, as thus amended,[2] provided that all districts shall, within thirty days after the enactment of the law, tender to all such professional employees, then "employed," new contracts drawn in accordance

---

[1] Further amended by Act of June 20, 1939, P. L. 482, §1, 24 PS §1121.

[2] Further amended by Act of June 20, 1939, P. L. 482, §2, 24 PS §1126.

with a form therein prescribed. The Tenure Act of 1937, in section 6, 24 PS §1128a, further provides that any contract then "in effect" shall not be terminated by the school board except in accordance with its provisions. See *Teachers' Tenure Act Cases,* 329 Pa. 213, 197 A. 344.

The primary issue is therefore whether appellant was employed in performing his duties under a contract in effect on April 6, 1937, the effective date of the Tenure Act of 1937.

On April 28, 1934, appellant was duly elected to teach in the Gilboa School in defendant school district for the school year 1934-1935, and a written contract was entered into between appellant and the board of school directors. Again on April 25, 1935, appellant was duly elected as a teacher of the same school for 1935-1936, and a similar contract was again entered into between the parties. On January 6, 1936, by proper action the board gave notice of the termination of appellant's contract at the end of the school year in 1936. On April 17, 1936, appellant was elected as a teacher in a consolidated school of the said school district, and his election was recorded in proper form on the minutes of the board. This was for the school year 1936-1937. It appears that appellant taught during the school year 1936-1937 at the consolidated school, but that no completed contract was executed by him and the president and secretary of the board of school directors of defendant school district following his election. A contract in the form prescribed by the act was signed by the secretary of the board and by appellant, but the same was never executed by the board's president. On April 18, 1938, appellant presented his petition for writ of alternative mandamus. Appellant did not render any service to defendant school district after the end of the 1936-1937 school term. Nor did he ever demand that a written contract for the school year 1936-1937

for which he had been elected be executed by the president and secretary of the board until the institution of these proceedings on or about April 18, 1938. Appellant by his proceedings virtually concedes that, under the Tenure Act of 1937, he must have a contract in writing signed by the president and secretary of the board and himself for the school year 1936-1937 in order to obtain the benefits of that act. See *Chilli v. McKeesport School District et al.,* 334 Pa. 581, 6 A. 2d 99.

The court below based its dismissal of appellant's petition on two grounds, first, laches, and second, that appellant did not have a contract with the school district in effect on April 6, 1937.

Section 1205 of the Act of May 18, 1911, P. L. 309, amended by the Act of May 7, 1929, P. L. 1576, §1, and amended by the Act of May 29, 1931, P. L. 243, §26, provided: "In school districts of the second, third, and fourth class, all contracts with teachers shall be in writing, in duplicate, and shall be executed on behalf of the board of school directors by the president and secretary and signed by the teacher ......" The election of appellant as a teacher on April 17, 1936, did not operate as a valid and enforceable contract of employment by the defendant board until a contract in writing was executed on behalf of the board of school directors by the president and secretary, as well as signed by appellant. *Potts v. Penn Township School District,* 127 Pa. Superior Ct. 173, 177, 193 A. 290. Appellant therefore had no contract in writing, in accordance with the mandatory provisions of the School Code, which was effective and binding on the respective parties on April 6, 1937. *Hawkins' Petition,* 129 Pa. Superior Ct. 453, 457, 195 A. 761.

The Tenure Act of 1937 amended the School Code of 1911, and must be construed in relation to other provisions of that code to effectuate its purpose as a whole (*Smith v. Philadelphia School District et al.,* 334 Pa. 197, 204, 5 A. 2d 535) ; where a statute amends part of

a general code such as the School Code so that its apparent effect is to materially modify, partially destroy, or interfere with the general purpose of the code by conflict with other sections, the amendment should be strictly construed and made to conform to the general purpose unless the legislative intent is clearly and specifically otherwise (*Ehret v. Kulpmont Borough School District*, 333 Pa. 518, 522, 5 A. 2d 188).

The Tenure Act of 1937 provided that a new contract be entered into with all professional employees of the school board within thirty days after its effective date; that the teachers named to receive new contracts were those who were, at the time of its enactment, "now employed"; that the termination of contracts then "in effect" be in accordance with its provisions. *Teachers' Tenure Act Cases,* supra, p. 233. But if the statutory requirements were not observed in the employment of appellant, the employment was not authorized by law, and no contract was "in effect." *Garland v. Riebe,* 78 Pa. Superior Ct. 567.

The mere appointment of appellant by the school board on April 17, 1936, was not sufficient to create a contract for the ensuing year. *Teachers' Tenure Act Cases,* supra *(Swick v. Board of School Directors of School District of Borough of Tarentum),* p. 239. In the absence of a valid and enforceable contract in effect on April 6, 1937, the Teachers' Tenure Act of that date did not apply to appellant. The requirements to have created an enforceable contractual relationship between defendant school district and appellant did not exist on April 6, 1937, the effective date of the Tenure Act. If appellant had no contract, or a contract which was void, no notice of dismissal was necessary, and the Tenure Act could not possibly protect him in his position as no rights can be conferred by a void instrument. *Langan v. Pittston School District et al.,* 335 Pa. 395, 397, 6 A. 2d 772. As said in *McNulty v. Olyphant Borough School District et al.,* 331 Pa. 433, at page 435,

200 A. 3, at page 4: "If appellant's position were sound, then the effect of the Teachers' Tenure Act would be to work a restoration of all teachers who, in the past, were wrongfully dismissed. This was not the intention of the legislature. Its purpose was simply to retain in employment those who were engaged in teaching under contracts not terminated when the act was passed." Manifestly, if there was no contract in writing between the parties as prescribed by the statute for a school district of this class there would be none to terminate.

In *Waltman v. Albany Township School District,* 64 Pa. Superior Ct. 458, the plaintiff taught under a contract duly signed by the president and secretary of the board of school directors of the defendant school district. Notwithstanding the execution of the contract and the teaching by plaintiff, recovery was not allowed because plaintiff was not hired or appointed in the manner prescribed by section 403 of the Act of May 18, 1911, P. L. 309, 24 PS §334.

In the instant case appellant received his compensation for all the services which he rendered to the defendant school district, notwithstanding that no contract in writing had been entered into between the parties as required by the statute. No valid and enforceable contract existed between the parties in the Waltman case because of noncompliance with section 403 of the School Code, 24 PS §334. In the instant case there was no contract "in effect" between the parties on April 6, 1937, because of failure to comply with section 1205 of the School Code as amended by the Act of May 29, 1931, P. L. 243, §26.

We do not deem it necessary to discuss the question of laches or any collateral proceedings, as we are of the opinion that the court below correctly concluded that appellant did not have a contract with defendant school district in effect on April 6, 1937.

Decree is affirmed, at appellant's cost.