## Askey v. Henderson et al.

*James W. Mack, Jr.*, for appellant.
*L. E. Miller*, for board of school directors.

CREPS, P. J., March 29, 1940.—The board of directors of the school district of Young Township, Indiana County, Pa., following a formal hearing, suspended William A. Askey, a professional employe, because of a substantial decrease in pupil population. An appeal was taken to the Superintendent of Public Instruction under the provisions of the Teachers' Tenure Act of April 6, 1937, P. L. 213, with the result that said official, in an opinion dated December 19, 1939, reversed the decision of the board and directed that said professional employe be reinstated. The board has in turn appealed the matter to this court, arguments have been had, briefs submitted, and it now requires our decision.

The evidence taken before the board, and being the record now before us, is neither as complete nor as definite as it should be, particularly as regards the failure to present the contracts in question and to produce the spe-

cific facts as to the method of their execution. However, in view of certain apparent admissions, we believe enough is evident to ground a decision.

William A. Askey was first employed in the school district of Young Township for the school year 1936-37. Whilst no written contract for that year was placed in evidence, Askey testified that one was executed, its existence was not denied by witnesses called on behalf of the board and was admitted by John G. Henderson, who had been a member of the board for six years. Beyond this, counsel for the board states in his brief that "Askey was employed as a teacher . . . during the summer or autumn of 1936, and the testimony taken at the hearing indicates that a contract was signed by the said board of school directors and William A. Askey, in accordance with section 1205 of the School Code of Pennsylvania, . . .". The existence of a valid contract for the school year 1936-37 is therefore taken as established. A new contract, executed by the secretary but *not* by the president of the board, for the school year 1937-38 was tendered Askey, which contract was signed by Askey, and he was assigned teaching duties and taught during the year. For the school year 1938-39, Askey was tendered a contract properly executed, as we understand, by the board, but it was not signed by him until January 4, 1939. He taught during the school year 1938-39.

The evidence discloses the fact that at the beginning of the school year 1939-40 there was such a decrease in pupil population that the board deemed it necessary to suspend a number of teachers, Askey being included in the group. It appears that the teachers suspended, with the exception of Askey, were first employed for the school year 1937-38 and that the board has retained in service one teacher who was first employed for said 1937-38 school year. It is recognized on both sides that there was legal cause for suspensions and that the law requires that they be made in the inverse order of appointment.

The contention of Askey is that his status as a professional employe should date from his original contract for the school year 1936-37 and that he is accordingly senior to one whose employment was first for the school year 1937-38. On the contrary, the board asserts that Askey's status should be held to be fixed as of January 4, 1939, the date upon which he executed a contract for the school year 1938-39.

In our approach to the problem here involved, it is at once evident that there existed a legally binding and effective contract between the board of directors of the school district and William A. Askey for the school year 1936-37. On April 6, 1937, the Teachers' Tenure Act, supra, became operative, at which time the above-mentioned contract was still in effect. Section 2 of the Teachers' Tenure Act, amending section 1205 of the School Code of May 18, 1911, P. L. 309, provided, inter alia, as follows:

"Each board of school directors or board of public education in all school districts in this Commonwealth *shall*, within thirty days after the effective date of this act, *enter into contract*, in writing, *with all professional employes now employed by them*, and thereafter shall in the same manner enter into contracts, in writing, with each professional employe at or before the time the employe first enters the service of the district." (Italics supplied.)

Section 6 of the Teachers' Tenure Act is as follows:

*"No contract in effect at the enactment of this act shall be terminated, except in accordance with the provisions of this act."* (Italics supplied.)

Considering the plain wording of the statute, as well as the decided cases bearing on the subject, we are satisfied it must be held that the benefits of the Teachers' Tenure Act became effective as to William A. Askey as of the date of said act, to wit, April 6, 1937, since he was (speaking as of that date) "now employed" and had a "contract in effect at the enactment" of the statute.

In the case of McNulty v. Olyphant Borough School Dist. et al., 331 Pa. 433, 434, the Supreme Court says:

"In the *Teachers' Tenure Act Cases*, 329 Pa. 213, this Court said at p. 233: 'The teachers named by the Act to receive new contracts are those who were at the time of its enactment "now employed". The Act also prevents the termination of contracts then "in effect" except in accordance with its provisions.' " And at p. 435:

"Its [the legislature's] *purpose was simply to retain in employment* those who were *engaged in teaching under contracts not terminated when the act was passed.*"

(Italics supplied.)

These legal principles are reiterated as lately as March 2, 1940, in the opinion handed down by the Superior Court on that date in the case of Walters v. Topper et al., 139 Pa. Superior Ct. 292.

Having seen, therefore, that Askey's tenure status accrued with the passage of the act, it remains to be determined whether it was subsequently disrupted or terminated prior to the date of his suspension. There is no evidence that the original contract, admittedly properly executed and legally binding, was terminated by either of the parties thereto; and we must bear in mind that this could be done only "in accordance with the provisions" of the Teachers' Tenure Act.

Counsel for the district endeavors to make some point of the fact that the contract for the school year 1937-38 was not legally executed. Whilst it is not precisely stated to be his position that the legal incompleteness of said contract effected a disruption of Askey's tenure status, by implication that seems to be his contention, since he argues that Askey's tenure benefits should be dated from January 4, 1939, the date upon which he signed the contract for the school year 1938-39. This, we feel, is an unsound position. We have already seen that a tenure status accrued to Askey by reason of his having a valid contract in existence at the time of the enactment of the Teachers' Tenure Act, subject to extinguishment only in

accordance with the provisions of that law. Certainly it could not be held that a later contract, ineffective for any purpose because of its not being legally executed, served to terminate that already developed and fixed status; and this is especially true, as we view it, where the illegality in execution of said contract consisted in the failure, neglect, or refusal of the president of the board to sign said contract. If Askey had a fixed tenure status, and we have concluded that he had by reason of the operation of the Teachers' Tenure Act upon his contract existing at the time of its enactment, the legal requirement upon the board was to tender him a properly signed contract for the school year 1937-38. This, admittedly, was not done; and the board may not be permitted to benefit from a result occasioned by its own failure to perform its legal duty.

We are accordingly of the opinion that the tenure status of William A. Askey must be held to be earlier in date than that of any teacher whose first employment was for the school year 1937-38, that there was no legal disruption or termination of his said status up to the time of the required suspensions, and that under the circumstances his suspension was improper and in violation of the provision of the law which requires that suspensions shall be "in the inverse order of the appointment of such employes".

### Order and Decree

And now, March 29, 1940, upon due consideration, and in keeping with the foregoing opinion, it is ordered, adjudged, and decreed that the order of the Superintendent of Public Instruction reversing the action of the Board of School Directors of Young Township School District suspending William A. Askey as a professional employe, and directing that he be reinstated, be, and it is hereby, affirmed; and the said Board of School Directors of Young Township School District is directed to reinstate the said William A. Askey as required by law.