## Ralston, Appellant, *v.* Derry Township School District et al.

Argued September 26, 1949. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*George W. Lamproplos,* with him *Vincent R. Smith* and *Earl S. Keim,* for appellant.

*Joseph M. Loughran,* for appellees.

OPINION BY MR. JUSTICE HORACE STERN, November 14, 1949:

The history of appellant's pedagogic career is as follows: From 1923 to 1924 he taught at a high school in Chandlerville, Illinois; from 1924 to 1933 at a high school in Oil City, Pennsylvania; from 1934 to 1936 at a high school in Kossuth, Pennsylvania; from 1936 to 1938 at a high school in Madison Township, Ohio; from 1938 to 1946 at a high school in St. Clairsville, Ohio; from 1946 to 1947 he was supervising principal of schools in Independence Township, Washington County, Pennsylvania; from 1947 to 1948 he was supervising principal of schools in Derry Township, Westmoreland County, Pennsylvania. He obtained a provisional college certificate from the Superintendent of Public Instruction in 1925 (issued under section 1316 of the School Code of May 18, 1911, P. L. 309, as amended), which was made permanent in 1937 (under section 1317 as amended), and he was also certified by the Superintendent of Public Instruction in 1934 (under section 1214 as amended) as being legally qualified to act as supervising principal

in any public school district of the third or fourth class which has no district superintendent. Derry Township is such a school district.

It was on August 11, 1947 that appellant was elected supervising principal in Derry Township by the Board of School Directors, and on August 14, 1947 a professional employe's contract, in the form prescribed by the Teachers' Tenure Act of April 6, 1937, P. L. 213, was executed by appellant and by the President and Secretary of the School Board.* On June 14, 1948 the School Board adopted a resolution terminating his employment as supervising principal, of which action he was duly notified. He thereupon filed a petition in the court below for a writ of mandamus. His present appeal is from a decree of the court dismissing his petition.

It is appellant's contention that he was entitled to the protection of the Tenure Act and therefore could be dismissed only for a cause and in the manner specified in the Act,—that is, by preferring charges against him and granting him a hearing. On the other hand the School Board contends that his status was merely that of a *temporary* professional employe, and therefore he might be dismissed even though none of the causes enumerated in the Tenure Act for termination of the contract existed. If the contract entered into by appellant and the School Board was for any reason invalid it is clear that he is not protected by the Tenure Act, since no rights can be obtained under a void contract: *Langan v. Pittston School District,* 335 Pa. 395, 397, 6 A. 2d 772, 773; *Walters v. Topper,* 139 Pa. Superior Ct. 292, 297, 11 A. 2d 649, 651.

The Teachers' Tenure Act of April 6, 1937, P. L. 213, in amending section 1205 of the School Code, provided that each Board of School Directors should, within 30

---

* There is some controversy as to whether the Secretary who signed the contract had been legally appointed, but the court below held that he was at least Secretary de facto.

days after the effective date of the Act, enter into tenure contracts with all professional employes *then* employed by them. The right to receive such contracts was not extended by the Act to teachers who may have been previously, but were not at that time, so employed: *McNulty v. Olyphant Borough School District*, 331 Pa. 433, 200 A. 3. The Act further provided that thereafter the School Board should enter into contracts in the same manner with each professional employe at or before the time the employe first entered the service of the district. But the Act of June 20, 1939, P. L. 482, in further amending section 1201 of the School Code as previously amended by the 1937 Act, provided for a class of *temporary* professional employes consisting of those individuals who were employed to perform, for a limited time, the duties of a newly created position or of a regular professional employe whose services had been terminated by death, resignation, suspension or removal; such a temporary professional employe could become a regular professional employe by having his work "certified by the county superintendent of schools or the district superintendent to the secretary of the school district, during the last four months of the second year of such service, as being satisfactory," and upon his thus attaining status as a regular professional employe he was to be tendered a contract of employment as provided for regular professional employes, and thereafter was not to be "required to serve as a temporary professional employe before being tendered such a contract when employed by any other school district of this Commonwealth." The Act of 1939 also further amended section 1205 of the School Code as previously amended by the 1937 Act, by providing that each Board of School Directors should thereafter enter into tenure contracts with each professional employe "who has satisfactorily completed two years of service in any school district of this Commonwealth." It is obvious, there-

fore, that whereas, under the 1937 Act, tenure was to be accorded to each professional employe immediately upon entering the service of the district, under the 1939 Act it was not to be granted to a new entrant until he had served a probationary period of two years of satisfactory service in the district and his work had been certified by the county or district superintendent during the last four months of the second year of such service as being satisfactory.

Had defendant been employed as a teacher in any school district in Pennsylvania at the time of the passage of the Act of 1937 he would thereby have become entitled to the tenure which it granted to all professional employes in service at the time of its enactment. Had he entered the service at any time between the years 1937 and 1939 he would thereupon, by the terms of the Act, have become likewise so entitled. But after the passage of the Act of 1939 he could not acquire tenure status except by meeting the conditions prescribed therein, which included the certification by the county or district superintendent, during the second year of his service, that the quality of his work was satisfactory. He never received such a certification either in Washington County (where he served only for one year) or in Westmoreland County; on the contrary, the Superintendent of Schools of Westmoreland County, on June 19, 1948, notified him that his rating was *un*satisfactory; he thereby became subject to immediate dismissal. The contract entered into between him and the Board on August 14, 1947 was legally unauthorized because he did not have the necessary qualifications which alone entitled him to such a contract; it was therefore a void instrument under which he obtained no rights of tenure. While the college certificates which he received in 1925 and 1937 qualified him to be a teacher, and while the certificate he obtained in 1934 from the Superintendent of Public Instruction qualified him to be a supervising

principal, he is not entitled to tenure status in either such capacity because of his failure to qualify for it under the provisions of the Act of 1939.

In view of the conclusion thus reached it is unnecessary to consider the contention of the School Board that appellant's contract is invalid for the further reasons that the salary therein specified had not been specifically authorized by the School Board and that the contract was not signed by a properly elected Secretary of the Board.

Decree affirmed at appellant's costs.