Wenders *v.* White Mills Independent School District, Appellant.

Argued March 19, 1952. Before RHODES, P. J., HIRT, RENO, DITHRICH, ROSS, ARNOLD and GUNTHER, JJ.

*L. B. Maxwell,* for appellants.

*A. Emerson Howell,* for appellee.

OPINION BY RENO, J., July 17, 1952:

Ella Wenders, appellee, filed a petition for[1] a writ of alternative mandamus against the White Mills Independent School District and the individual members of its board of directors, appellants, to compel her reinstatement as a professional employe. After an answer was filed, the case was tried by a judge, without a jury, who entered a final decree awarding a peremptory writ of mandamus and directing reinstatement of appellee in her position as a teacher. A supersedeas was granted by the court below.

The controversy arose out of the determination of the school board in 1950 to discontinue its high school. Pursuant thereto it formally notified appellee, who had been appointed a temporary employe in August, 1944 and in 1950 was teaching the seventh and eighth grades, that her services were no longer required. Charles Zelonis, who had been appointed in June, 1946, as a permanent employe and had been teaching in the high school, was designated as a teacher in the seventh and eighth grades. The court found as a fact: "The employment contract of each teacher was oral." Neither party excepted to or questioned this finding, and it

---

[1] A complaint, not a petition, should have been filed. The former practice of securing an alternative mandamus by petition has been abolished by Pa. R. C. P. No. 1091. See 3 Anderson Pa. Civil Practice, p. 319; Goodrich-Amram, §1093-1.

forms the basis for the reversal of the decree of the court below.

A mandamus will issue only where there is a clear legal right in the plaintiff and a corresponding duty on the defendant and where there is no other adequate, specific or appropriate remedy; it cannot be invoked in a doubtful case. *Homan v. Mackey,* 295 Pa. 82, 144 A. 897. Where a statute requires that contracts with a school board shall be reduced to writing the statute must be observed, and an oral contract will not be enforced against it. *Chilli v. McKeesport School District,* 334 Pa. 581, 6 A. 2d 99.

Ever since the School Code of 1911 written contracts for the employment of teachers have been required. The substance of the earlier provisions and the form of the contract were re-enacted by the Public School Code of March 10, 1949, P. L. 30, §1121, 24 P.S. §11-1121, as amended, as follows: "Each board of school directors in all school districts[2] shall hereafter enter into contracts, in writing, with each professional employe who has satisfactorily completed two (2) years of service in any school district of this Commonwealth." Under the clear, explicit, and unambiguous provisions of the original Code and the amendments thereto this Court has uniformly held that an oral contract with a teacher is not binding upon a school district and confers no rights upon the teacher.

In *Potts v. Penn Twp. School Dist.,* 127 Pa. Superior Ct. 173, 177, 178, 193 A. 290, this Court, speaking through KELLER, P. J., held: "[T]he legislature has seen fit to require that all contracts with teachers in school districts of the second, third and fourth

[2] Originally the requirement was confined to school districts of the second, third and fourth class. School Code of May 18, 1911, P. L. 309, §1205. The form of the contract was provided by the Act of May 7, 1929, P. L. 1576, §1.

classes, must be in writing, in duplicate, and in the form prescribed, and be signed by the teacher and executed on behalf of the board of school directors by the president and secretary. This provision is not unreasonable or arbitrary and it imposes an additional requirement or condition in order to make such a contract of employment valid and enforceable, at least in the absence of performance of service by the teacher." . . . "Such a contract is not a mere ministerial detail in the employment of the teacher. Until this requirement is complied with, there is no valid contract existing between the parties (Union Paving Co. v. Phila., 125 Pa. Superior Ct. 421, 190 A. 210), which is not subject to rescission or revocation by action of the board duly taken and recorded." In the case immediately following, *Ickes v. Costlow*, 127 Pa. Superior Ct. 180, 186, 193 A. 287, Judge, now President Judge, RHODES, said: "[A] valid and enforceable contract between the appellant and the school district required (a) his appointment or election as principal of the high school in the manner specified by the School Code, §403, 24 PS §334; and (b) the execution of a contract in writing on behalf of the board by the president and secretary of the board and signed by the appellant (§1205, 24 PS §1126). Both elements are equally vital and essential." In *Hawkins' Petition*, 129 Pa. Superior Ct. 453, 459, 195 A. 761, the statement was repeated, and to it Judge RHODES added: "Our courts cannot disregard the mandatory formalisms prescribed by statute to create a binding contractual relationship between teacher and school district."

In *Com. ex rel. Ricapito v. Bethlehem School District*, 148 Pa. Superior Ct. 426, 437, 25 A. 2d 786, (approvingly quoted by the Supreme Court in *Spigelmire v. N. Braddock Sch. Dist.*, 352 Pa. 504, 507, 43 A. 2d 229), President Judge KELLER said: "Two things must enter into the creation of a valid and enforceable

*teacher's,* or professional employe's contract. (1) The appointment must be made and the salary fixed by the affirmative vote of the majority of all the members of the board of school directors, duly recorded on the minutes, showing how each member voted. (2) A contract must be duly signed by the teacher and executed by the president and secretary on behalf of the board, drawn in strict compliance with the action taken by the board and the provisions prescribed by the School Code and its amendments. . . . If either of these is lacking, there is no valid, enforceable contract."

Not having a written contract, appellee was without a right against the school board which was enforceable by a mandamus. Appellee's appointment by the school district in 1946 was not sufficient to create a contract. *Walters v. Topper,* 139 Pa. Superior Ct. 292, 11 A. 2d 649. Without a written contract, appellee's appointment was subject to rescission or revocation by the board, *Potts v. Penn Twp. School Dist.,* supra, and its action discontinuing her services was equivalent to a formal revocation. This disposition of the case precludes discussion or decision of the controversy concerning the respective seniority rights of appellee and Zelonis, upon which the decree of the court below was based.

Decree reversed; costs to be paid by appellee.