## Apthorp Estate Sale

*Brown & McKnight*, for petitioners.

FLICK, P. J., April 30, 1962.—Before the court is the petition of Clarence C. Huth and Lois C. Huth, his wife, requesting an order directing the county treasurer to pay over to them the $25 payment made by a purchaser at the treasurer's sale held August 3, 1959.

The purchaser, Roger M. Brown, bid $17.38, the amount of delinquent taxes, and the costs of sale; also, because of competitive bids, he was required to bid an additional $100. He paid the amount due for the delinquent taxes and costs of sale, and gave the treasurer a surplus bond for $100, as required by section 13 of the Tax Sale Act of May 29, 1931, P. L. 208, 72 PS §5971 m. He also paid to the county treasurer the $25,

which petitioners now seek to have paid over to them. This payment is referred to in the petition as "a one-fourth down payment on the surplus bond."

The $25 payment was obviously made on the theory that it was required by the 1956 amendment to the Act of 1931, supra. This amendment provides:

"It shall be the duty of the purchaser or purchasers at this treasurer's sale, as soon as the property is struck down, to pay (1) the amount of the purchase money, or (ii) such part thereof as may be necessary to pay all taxes, except such taxes as have heretofore been filed as liens in the office of the prothonotary, and all interest, and costs, and also one dollar and fifty cents for the use of the prothonotary for entering the report of the treasurer and acknowledgement of the treasurer's deed, as hereinafter mentioned, plus an additional amount equal to twenty-five per centum of the purchase money. In case said amount is not forthwith paid after the property is struck down, the sale shall be avoided and the property immediately put up again by the said treasurer. In the event the purchaser fails to later make complete settlement at the time and in the manner provided for in this act, any money paid under the provisions of this section shall be forfeited and shall be disposed of the same as purchase money.

"Any such property, for which an amount sufficient to pay such taxes, interest, and the costs is not bid, shall be purchased by the county commissioners, in which event the requirements of the preceding paragraph of this section shall not apply." As amended January 31, 1956, P. L. (1955) 968, sec. 1, 72 PS §5971j.

The premises sold were 26 acres in Lot 358, Spring Creek Township, assessed to George L. Apthorp Estate. Petitioners obtained a quitclaim deed for this property from Carrie S. Apthorp, widow of George L. Apthorp, who died March 10, 1955, leaving her as his only next

of kin. There was no redemption from the tax sale. Petitioners claim they are entitled to the $25, because it was paid to apply on the surplus bond, and they, as grantees of the owner at the time of tax sale, are the "persons entitled" for whose use the surplus bond is made under section 13 of the 1931 Act.

No authority can be found for the position taken by petitioners. The 1956 amendment is quoted above in full. It does not provide that the purchaser shall pay 25 per cent of the amount of the surplus bond. He is required to pay (1) the amount of the purchase money, *or* (2) such part thereof as may be necessary to pay the taxes, interest and costs, *plus an additional amount equal to 25 percent of the purchase money.* The act does not say that this additional amount is a payment on the surplus bond. In fact, this provision of the amendment is completely silent as to what shall be done with this additional cash payment, except that if the purchaser defaults it is forfeited and "shall be disposed of the same as purchase money." The meaning of this is certainly not clear. Tax sales are held to collect taxes which the taxing districts have counted on but which the property owner failed to pay. The purchase money goes to pay such taxes and the costs of sale.

In Commonwealth v. Roberts, 12 D. & C. 2d 429 (1957), the court interprets this provision to mean that if the purchaser who has outbid competitive bidders at the tax sale fails to make complete settlement by paying or filing a surplus bond, so that the treasurer is required to void the sale to him, then the county must assume the expenses of time, effort and money required to sell the property again. Therefore, says Judge McDonald, page 434, ". . . As we view it, the additional payment, when settlement was not made at the sale, was intended to accomplish a salutary, twofold effect: First, it would deter purchasers from de-

faulting in settlement; and second, if there was a default, the additional money would reimburse the county for expenses incident to voiding the sale."

Assuming, arguendo, that the view expressed in the Roberts case can be sustained when a tax sale purchaser has paid the taxes and costs and also 25 percent of the purchase money but fails to pay the balance of the purchase price or file a surplus bond, this sheds no light on the instant case. Here the purchaser made complete settlement. He has paid the taxes and the taxing bodies are entitled to no more. He has paid the costs and there are no further expenses which must be assumed by the county. The reasoning of the Roberts case does not apply. Who, then, is entitled to this 25 percent of the purchase money?

The petitioners say: "Pay it to us. We stand in the position of the property owner for whose use the surplus bond is given." However, the act makes no such provision. The owner is given complete protection by section 15 which gives him the right to redeem: 72 PS §5971o. If the owner fails to redeem he has only the surplus bond to look to. The law gives him nothing more.

The purchaser should not be required to make a cash payment which no one can claim, and when the law provides no use for such money. Such a requirement is certainly vague, unreasonable and discriminatory. The only other case the court can find which discusses this "twenty-five percentum of the purchase money" is Commonwealth v. Smith, 13 D. & C. 2d 343 (1957). In that case, the tax sale purchaser was a lien creditor, the Pennsylvania Department of Public Assistance, which bid the taxes, interest and costs, plus the amount of its judgment against the property owners, on each of two properties. A tender of the amount of the taxes, interest and costs was refused on the ground that it did not include the 25 percent of the purchase price as

provided in the 1956 amendment, P. L. 961, and the county treasurer announced that the properties would be resold.

The Commonwealth then filed a complaint in equity to enjoin the resale, and to compel acceptance of the tender, i.e., taxes, interest and costs, without the 25 percent of the purchase price. The court held for the Commonwealth on its conclusion of law that the 1956 amendment "is unreasonable and impossible of just and fair enforcement, and it is, therefore, declared void and of no force and effect."

In its discussion in the Smith case, the court quotes in full the 1956 amendment, as is done in the forepart of this opinion. It then cites statutory and case law for the rule of construction applicable to the amendment, that it must be strictly construed and if there is any doubt the construction shall be against the governmental tax collecting body. See sections 51, 52 and 58, Act of May 28, 1937, P. L. 1019, 46 PS §551, 552 and 558; Walters v. Topper, 139 Pa. Superior Ct. 292; Commonwealth v. Allied Building Credits, Inc., 385 Pa. 370, 377. The court upholds the Commonwealth's contention that the amendment is unreasonable and discriminatory as to a lien creditor bidding to protect his lien, and as to an owner redeeming from the sale, and that it is too vague, uncertain and confusing to be enforced.

The opinion in the Smith case clearly shows the nature of the 1956 amendment, and the confusion it creates, as follows:

"Plaintiff, among other things, takes the position that this amendment throws an unreasonable and discriminatory burden, and in effect a penalty, upon lien creditors, when, as in the case at bar, a lien creditor, in order to protect his lien, and the debt owed him, buys in a property at a tax sale, and is compelled to bid taxes, interest and costs, and an amount equal to

his lien, he is penalized in an amount equal to 25 percent of the amount he bid.

"Again in the succeeding sections of the Taxing Act of May 29, 1931, P. L. 280, 72 PS §5971(m) and 5971(o), a purchaser is required only to pay the taxes, interest and costs at the sale if he so desires and may post a bond for the remainder of the bid. If the owner then redeems, the owner pays a 15 percent charge on the purchase price to the successful bidder at the sale. If the 25 percent is added, the owner, attempting to redeem, would pay in the final analysis 40 percent, and that, plaintiff contends, is an unreasonable burden upon the taxable.

"It is apparent upon construing this amendment with the succeeding sections concerning the posting of bond for the amount of the bid in excess of taxes, interest and costs, confusion arises. Upon what amount shall the 25 percent be calculated: Shall the successful bidder pay 25 percent of the taxes, interest and costs, all he is required to pay, or pay it on the whole amount of his bid, which he is not required to pay, but part of which he secures by bond? After all, a municipality levies taxes according to its needs, and is not entitled to any more than the legal rate of interest on taxes unpaid, or delayed in payment.

"It is admitted, and defendant concurs therein, that it is extremely difficult to determine the intent and purpose of the legislature in enacting this amendment. Obviously, but not admitted by defendant, a discriminatory and unreasonable burden is placed upon a lien creditor who attempts to protect himself at a tax sale.

"This is a clear case of the public being entitled to the benefit of the doubt. The amendment is not only unreasonable but is discriminatory."

This court agrees entirely with the foregoing and therefore holds the requirement of the 1956 amendment to the Tax Collection Law of May 29, 1931, P. L.

280, requiring the purchaser at tax sales to pay not only the taxes, interest and costs but also "an additional amount equal to 25 percentum of the purchase price", is vague, unreasonable, discriminatory, impossible of just and fair enforcement, and therefore such provision is declared void and of no force and effect.

It follows that the petition must be dismissed and the county treasurer must refund the $25 to the bidder, Roger M. Brown.

Wherefore, the court makes the following:

*Order*

Now, April 30, 1962, for the reasons stated in the foregoing opinion, it is hereby ordered that the petition of Clarence V. Huth and Lois C. Huth, for an order directing the Warren County Treasurer to pay to them the $25 paid by Roger M. Brown to the treasurer at the sale held August 3, 1959, in connection with his purchase of 26 acres of land in Lot 158, Spring Creek Township, be and the same is hereby dismissed; and the county treasurer is authorized and directed to refund said $25 to said Roger M. Brown. Costs of this proceeding are to be paid by the petitioners.